IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KOSHAWN M. RACKLEY,

    Plaintiff,                              No. 2:12-cv-3096 JFM P

    vs.

MRS. JESSICA AGNICH,               ORDER AND

    Defendant.                       FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a county jail inmate proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has not filed a certified copy of his inmate trust account statement for the six month period immediately preceding the filing of the complaint. See 28 U.S.C. § 1915(a)(2). For that reason, plaintiff's December 26, 2012 motion to proceed in forma pauperis will be denied without prejudice. Should plaintiff decide to proceed further with this action, he will be required to submit a complete in forma pauperis application including a certified copy of his inmate trust account statement.

/////

1

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In his complaint, filed December 26, 2012, plaintiff alleges that defendant is has provided ineffective assistance of counsel to plaintiff in criminal proceedings. Plaintiff seeks representation by a new attorney.

In Younger v. Harris, 401 U.S. 37 (1971), the United States Supreme Court established "a 'circumscribed exception to mandatory federal jurisdiction.'" Baffert v. California Horse Racing Bd., 332 F.3d 613, 617 (9th Cir. 2003) (internal citation omitted). Under Younger, a federal court is required to abstain from exercising federal jurisdiction over claims which would interfere with ongoing state criminal proceedings "'if the state proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims.'" Canatella v. California, 404 F.3d 1106, 1109-10 (9th Cir. 2005)(quoting Hirsh v. Justices of Supreme Court of Cal., 67 F.3d 708, 712 (9th Cir. 1995)). In such circumstances, the federal court must dismiss the action. Baffert, at 617.

/////

1         Here, the allegations of plaintiff's complaint suggest that the state criminal
2 proceedings were ongoing at the time he filed this action.  Plaintiff has an adequate opportunity
3 to seek substitution of counsel in his state criminal proceedings.  See People v. Marsden, 2
4 Cal.3d 118 (1970).  Thus, this court is required to abstain from this action pursuant to Younger v.
5 Harris, supra.  Accordingly, the action should be dismissed without prejudice.  See Beltran v.
6 California, 871 F.32d 777, 782-83 (9th Cir. 1989).

7         In accordance with the above, IT IS HEREBY ORDERED that:

8         1.  Plaintiff's December 26, 2012 motion to proceed in forma pauperis (Doc. No.
9 2) is be denied without prejudice.  Should plaintiff decide to proceed further with this action, he
10 will be required to submit a complete in forma pauperis application including a certified copy of
11 his inmate trust account statement.

12         2.  The Clerk of the Court is directed to assign this action to a United States
13 District Judge.

14         IT IS HEREBY RECOMMENDED that this action be dismissed without
15 prejudice.

16         These findings and recommendations are submitted to the United States District
17 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
18 days after being served with these findings and recommendations, plaintiff may file written
19 objections with the court and serve a copy on all parties.  Such a document should be captioned
20 "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that
21 /////
22 /////
23 /////
24 /////
25 /////
26 /////

1  failure to file objections within the specified time may waive the right to appeal the District
2  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: February 6, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

12
rack3096.56